[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has moved to dismiss the information and charges in this case on the grounds that he has not been brought to trial within the time period required by the Agreement on Detainers (AOD), Conn. Gen. Stat. § 54-186, et seq.
Article III of the AOD provides that a person who has entered upon a term of imprisonment in a party state, who has a detainer lodged against him because of an outstanding information in another state shall be brought to trial within 180 days after delivering to the court and prosecuting authority of such state a request for final disposition of such information. CT Page 9679
Article III of the AOD also provides that insofar as such 180 day requirement is concerned, "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Article VI of the AOD also provides: "In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." Thus, the 180 day requirement is not absolute and is subject to having certain periods of time excluded therefrom.
The state and the defendant agree that the prosecutor's office and the court received the defendant's request for disposition of the information in this case on February 26, 1996, thus marking the beginning of the 180 days. See State v.Braswell, 194 Conn. 297 (1984).[1]
However, on July 12, 1996, before Cocco, J., in open court, with the defendant and his counsel present, the defendant requested a continuance for the purpose of retaining private counsel. (Attorney Chapman is a special public defender). The case was thus continued to July 30, 1996. On July 30, 1996, the defendant appeared before Cocco, J. with Attorney Brown standing in for Attorney Chapman who was reported to be on trial elsewhere. The defendant requested a further continuance in order to secure private counsel and the case was therefore continued to August 13, 1996. On August 13, 1996, the defendant appeared before Cocco, J. with Attorney Chapman and requested yet another continuance in order to obtain private counsel resulting in the case being continued until September 17, 1996. Each of the above continuances was at the request of the defendant, and on each occasion the defendant agreed that the time involved in each would not be counted in calculating the 180 day period.
On September 17, 1996, Attorney Chapman and Attorney Esposito, Assistant State's Attorney, appeared before Sylvester, J. However, because of some apparent mix-up, the defendant had not been transported to court. Attorney Esposito asked for a one week continuance to September 24, 1996, but Attorney Chapman wanted October 1, 1996. Attorney Esposito was agreeable to any date (the following day, if necessary) but agreed to October 1, 1996 so long as the time was not chargeable against the 180 day period. (See transcript of 9/17/96). Attorney Chapman agreed that CT Page 9680 the continuance to October 1, 1996 would not be chargeable against the 180 days.
The period from February 26, 1996 to July 12, 1996 is 137 days. The period from July 12, 1996 to October 1, 1996 is to be excluded from the 180 day calculation since this period represents continuances requested by the defendant or his counsel. It should be noted that Article III of the AOD provides that continuances may be granted by the court for good cause shown in "open court, the prisoner or his counsel being present. . . ." (Emphasis added).
Therefore, as of October 1, 1996, the defendant had to be brought to trial within 43 days (180-137), or on or before November 13, 1996. While the trial of this case did commence on November 13, 1996, there are other factors which the court believes also affect the applicability of the 180 day requirement.
First, on October 1, 1996, Attorney Esposito and Attorney Chapman appeared before the court, the defendant, not having been transported to court. At that time the court was about to begin another case which was ready to proceed on October 8, 1996.[2]
At that time the record of the proceedings reflects that the parties agreed on a November 5, 1996 trial date and apparently both were under the impression that such date fell within the 180 days. (See October 1, 1996 transcript). On November 5, 1996, Attorney Esposito and the defendant appeared in court. Attorney Chapman was not present and had reported to both Attorney Esposito and the court that he was on trial in another jurisdiction. At that time the court advised the defendant that the state and the court were ready to proceed with the trial but obviously could not do so until Attorney Chapman became available.
In the opinion of the court, when counsel agreed on trial date on October 1, 1996, which agreement was made before the of the 180 days, there was a waiver of any further speedy trial claims, even if such trial date was outside of the 180 days.[3]
Also, clearly, any delay in the trial beyond November 5, 1996 is not chargeable to the state since the delay to November 13, 1996 was based upon the unavailability of defendant's counsel.
Indeed, it has been stipulated that Attorney Chapman was on trial in another jurisdiction between October 16, 1996 and CT Page 9681 November 8, 1996, and therefore, such period must also be excluded from the 180 days pursuant to Article VI of the AOD as a period when the defendant was "unable to stand trial."
Therefore, for all the above reasons, when periods representing excludable continuances, waiver, and times when the defendant was "unable to stand trial" are calculated, the defendant was brought to trial well within the time limitations of Article III of the AOD and the motion to dismiss is accordingly denied.
Thompson, J.